UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROLAND K. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3989** |
| **JOHN J. MCGUCKIN, ST. TAMMANY PARISH PUBLIC DEFENDERS OFFICE** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Roland K. Smith, a state pretrial detainee, filed this *pro se* federal civil rights action, pursuant to 42 U.S.C. § 1983, against his public defender, John J. McGuckin.  Plaintiff claims that he is receiving ineffective assistance of counsel in his ongoing state criminal proceedings.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading the complaint,[1] the Court finds that plaintiff's complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[2]

Plaintiff alleges that he was arrested on November 14, 2006, for aggravated arson. In connection with the related state prosecution, John McGuckin, a public defender, was appointed to represent plaintiff on the charge. Plaintiff complains that his directions to and requests of McGuckin are going unheeded and, essentially, that McGuckin's actions and inactions constitute ineffective assistance of counsel.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by *a person or persons acting under color of state law.*

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). Therefore, for plaintiff's claims against McGuckin to be cognizable pursuant to § 1983, the challenged actions must have occurred when he was acting under color of state law. However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Accordingly, because McGuckin is not a state actor, plaintiff has failed to state a cognizable § 1983 claim against him.[3]

---

[3] Further, out of an abundance of caution, the Court notes that it would be futile to broadly construe the complaint as a petition requesting *habeas corpus* relief pursuant to 28 U.S.C. § 2241. It is clear that a petitioner seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts. The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
>        The exhaustion doctrine of section 2241(c)(3) was judicially

3

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's § 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

> crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner.  Petitioner has not met that requirement.  On August 8, 2007, chambers staff contacted the Clerk of the Louisiana Supreme Court by telephone and confirmed that petitioner has filed no applications with that court relating to this prosecution.  Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon petitioner's claims, the claims would not be exhausted.  Accordingly, the interests of comity and abstention recognized in Dickerson and Braden would be offended if this Court were to address the claims.  Federal intervention at this juncture would only serve to disrupt the orderly functioning of the state judicial processes.

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of August, 2007.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**